UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JOHN L. CORRIGAN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1403 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 12, 14 |
| | : | | |
| NATIONAL TREASURY EMPLOYEES UNION *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

### MEMORANDUM OPINION

GRANTING THE DEFENDANTS' RENEWED MOTIONS TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### I. INTRODUCTION

This matter comes before the court on the renewed motions to dismiss filed by the defendants, the National Credit Union Administration ("the NCUA" or "the agency"), the National Treasury Employees Union ("the NTEU" or "the union") and the Office of Personnel Management ("the OPM"). The union represents the agency's employees in the collective bargaining process. The *pro se* plaintiff, an employee of the agency, commenced this action in August 2008 challenging the validity of certain provisions of a collective bargaining agreement ("CBA") entered into by the agency and the union. The defendants previously filed motions to dismiss, which the court denied without prejudice in August 2009. The defendants have now filed renewed motions to dismiss. Because the court concludes that it lacks jurisdiction to adjudicate the plaintiff's claims, the court grants the defendants' motions to dismiss.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The *pro se* plaintiff commenced this action against the union, the agency and the OPM in August 2008, and filed an amended complaint shortly thereafter.  *See generally* Compl.; Am. Compl.  The plaintiff seeks a declaratory judgment invalidating certain portions of the CBA that the agency and the union entered into in early 2008.  *Id.*  While the plaintiff's allegations are somewhat unclear, it appears that he seeks to invalidate the portions of the CBA concerning the compensation that agency employees are to receive for the time spent commuting and traveling overnight.  *See* Am. Compl. ¶ 6.  More specifically, the plaintiff claims that the CBA violates the OPM's regulations concerning "hours of work" and that the OPM's regulations concerning "hours of work" are arbitrary, capricious or an abuse of discretion.  *See id.* ¶¶ 6, 8.  The plaintiff also suggests that the CBA's provisions concerning employees' travel reimbursements improperly revised the Federal Travel Regulation ("FTR").  *See id.* ¶ 7.

In two separate motions, the three defendants moved to dismiss the amended complaint in late 2008, contending that the court lacked subject matter over this action as a result of the plaintiff's failure to comply with the grievance procedures enumerated in the CBA.  *See generally* NTEU's Renewed Mot.; NCUA and OPM's Renewed Mot.  Because neither motion attached the provisions of the CBA concerning those procedures, however, the court was unable to conclude that the plaintiff's claims should be dismissed.  *See* Mem. Order (Aug. 3, 2009).  Consequently, the court denied without prejudice the defendants' original motions to dismiss.  *Id.*

The union filed a renewed motion to dismiss on August 10, 2009, *see generally* NTEU's Renewed Mot., and the agency and the OPM filed a joint renewed motion to dismiss on August 14, 2009, *see generally* NCUA and OPM's Renewed Mot.  With briefing now complete, the

court turns to the applicable legal standard and the parties' arguments.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'"  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)).  On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim.  *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  Thus, the court is not limited to the allegations contained in the complaint.  *Hohri v. United States*, 782 F.2d 227,

241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).  When necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B.  The Court Lacks Subject Matter Jurisdiction Over the Plaintiff's Claims

All three defendants assert that the court lacks subject matter jurisdiction over the plaintiff's claims.  *See generally* NTEU's Renewed Mot.; NCUA and OPM's Renewed Mot.  More specifically, the agency and the OPM contend that the plaintiff's claims constitute a grievance and, as such, are governed by the grievance procedures set forth in the CBA.  *See* NCUA and OPM's Renewed Mot. at 6.  Similarly, the union states that although the plaintiff's claims are difficult to decipher, he appears to be arguing either that the CBA is contrary to law or that the union breached its duty of fair representation by entering into the CBA.  *See* NTEU's Renewed Mot. at 6-9.  If the plaintiff is arguing the former, he may only raise that claim by filing a grievance or instituting an unfair labor practice proceeding.  *See id.* at 6-7.  And if the plaintiff is arguing the latter, that claim would constitute an allegation that the union had engaged in an unfair labor practice, which could only be raised in a non-judicial unfair labor practice proceeding.[1]  *See id.* at 7-9.

The plaintiff filed nearly identical oppositions to the defendants' renewed motions to dismiss.  *See generally* Pl.'s Opp'n to NTEU's Renewed Mot.; Pl.'s Opp'n to NCUA and OPM's

---

[1]  The OPM also contends that the complaint against it should be dismissed for failure to state a claim.  *See* NCUA and OPM's Renewed Mot. at 8.  Because the court lacks subject matter jurisdiction over the plaintiff's claims, however, the court will not address this argument.

Renewed Mot.[2]  In these oppositions, the plaintiff asserts that the grievance procedure is not an adequate forum for his claims.  *See* Pl.'s Opp'n to NCUA and OPM's Renewed Mot. at 1.  The plaintiff notes that although he commenced an action before the Federal Labor Relations Authority ("FLRA"), he instituted this action as well because he does not believe the FLRA can grant him the relief he seeks.  *See id.* at 2.  The plaintiff also repeats his assertion that the agency and the union were prohibited from agreeing to a CBA that violates the OPM's regulations and the FTR.  *See id.* at 2-3.  Finally, the plaintiff argues that the OPM regulations concerning "hours of work" are arbitrary and capricious.  *See id.* at 4-7.

Despite the plaintiff's claims to the contrary, the defendants are correct that the plaintiff may not obtain relief for his claims in this court.  The CBA defines a "grievance" as "any complaint . . . by any employee concerning any matter relating the employment of that employee" or "by any employee . . . concerning . . . the effect of interpretation, or claim of breach, of [the CBA]; or . . . any claimed violation, misinterpretation, or misapplication of any law, rule or regulation affecting conditions of employment."  NTEU's Renewed Mot., Ex. 1 ("CBA") Art. 31, § 2.  Because the plaintiff's claims in this case relate to his employment and contest the CBA's adherence to applicable laws and regulations, the claims constitute a grievance.  *See id.*

In addition, the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 7101 *et seq.*, imposes on agencies and unions the duty to negotiate CBAs in good faith "to the extent not inconsistent

---

[2]   The only difference between the plaintiff's two oppositions is that his opposition to the NCUA and the OPM's renewed motion to dismiss contains minor additions not contained in his opposition to the NTEU's renewed motion.  *Compare* Pl.'s Opp'n to NTEU's Renewed Mot. *with* Pl.'s Opp'n to NCUA and OPM's Renewed Mot.  Accordingly, the court will cite to the plaintiff's opposition to the NCUA and the OPM's renewed motion in summarizing the plaintiff's position.

with any Federal law or any Government-wide rule or regulation." *Id.* § 7117(a)(1). Thus, the plaintiff's contention that the CBA is contrary to applicable laws and regulations may also constitute a claim that the union violated the CSRA by entering into the CBA.

Because the plaintiff's claims amount to a grievance, a CSRA challenge, or both, he lacks a remedy in this court. The CBA states that the grievance procedures enumerated therein are "the exclusive procedure available to bargaining unit employees . . . for resolving any grievance," subject to exceptions not applicable in this case. CBA Art. 31, § 1. The CBA further specifies that "[i]f a grievance also constitutes an unfair labor practice ('ULP'), the aggrieved party may seek redress either under [the grievance procedures set forth in the CBA] or through a ULP pursuant to 5 U.S.C. § 7116, but not both." *Id.* § 5.

The CSRA sets forth a framework for enforcing a union's obligation to "bargain in good faith . . . to the extent not inconsistent with any Federal law or any Government-wide rule or regulation." *Filipiczyk v. United States*, 88 Fed. Cl. 776, 782-83 (2009) (citing 5 U.S.C. § 7117(a)(1); *Karahalios v. Nat'l Federation of Fed. Employees, Local 1263*, 489 U.S. 527, 532-35 (1989)). Failure to comply with § 7117(a) constitutes an unfair labor practice. *See* 5 U.S.C. § 7116(a)(5), (b)(5) (establishing that a party's failure to bargain in good faith constitutes an unfair labor practice). The Supreme Court has clarified that the CSRA forecloses a parallel remedy in the district courts in all but three limited instances not applicable here. *Karahalios*, 489 U.S. at 532. In other words, no private cause of action exists to judicially enforce a federal employees union's duty to bargain in good faith. *Id.* at 533; *see also Burnett v. West*, 1996 WL 471392, at *1 (9th Cir. Aug. 19, 1996) (affirming the district court's dismissal because "federal district courts lack jurisdiction to adjudicate unfair labor claims arising under the [Civil Service Reform]

Act"); *Nat'l Treasury Employees Union*, 23 F.L.R.A. 720, 722 (1986) (holding that the court lacked subject matter jurisdiction over the plaintiff's allegations that a CBA violated applicable laws, rules or regulations, and noting that those allegations could "be raised in other appropriate proceedings (such as grievance arbitration and unfair labor practice proceedings) and, if the agreement provisions [were] found to be violative of the Statute or any other applicable law, rule or regulation, they would be void and unenforceable").  In short, the plaintiff's objections to the CBA must be raised pursuant to the procedures set forth in the CBA and the CSRA, and this court lacks subject matter jurisdiction over his claims.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' renewed motions to dismiss the plaintiff's amended complaint.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 5th day of March, 2010.

RICARDO M. URBINA<br>United States District Judge